# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GREGG ANTHONY HAWLEY, | |
| Plaintiff(s), | Case No. 2:16-cv-01049-RFB-NJK |
| vs. | ORDER |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant(s). | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 9. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket No. 10. Plaintiff filed a reply. Docket No. 11  This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

One of the issues in dispute is whether the ALJ erred in rejecting portions of the opinion of Dr. Edward Tsai, a treating physician. The Ninth Circuit has long made clear that different standards apply in resolving such a dispute depending on whether the treating doctor's opinion was contradicted by another doctor:

- If a treating doctor's opinion is contradicted by another doctor, the ALJ may reject the treating doctor's opinion for "specific and legitimate reasons" supported by substantial evidence.

- If a treating doctor's opinion is not contradicted by another doctor, the ALJ may only reject the treating doctor's opinion for "clear and convincing" reasons.

*E.g.*, *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Hence, the Court's analysis should ordinarily start with a determination of whether the opinion is contradicted by another doctor so that the Court can apply the correct legal standard.

Neither party addresses this issue in meaningful fashion. The Commissioner appears to recognize that the "clear and convincing" standard applies under controlling Ninth Circuit case law, *see* Docket No. 10 at 6 n.3,[1] but then proceeds to argue that the ALJ provided "specific and legitimate reasons" for rejecting Dr. Tsai's opinion, *see id.* at 8, 11, 14. Similarly, the Commissioner relies almost exclusively on case law applying that standard. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999); *Hensley v. Colvin*, 600 Fed. Appx. 526, 527 (9th Cir. 2015).[2] As such, the Commissioner's discussion of the applicable standard does not match her analysis of the dispute. For his part, Plaintiff recites the above two legal standards and then argues that the ALJ erred in her treatment of Dr. Tsai's opinion without specifying which standard applies. Docket No. 9 at 15; Docket No. 11 at 7.

In short, both the parties have failed to explain in a meaningful manner which standard the Court should apply. Moreover, the Commissioner argues that she should prevail under even the stricter "clear and convincing" standard, but fails to supply an analysis and legal support showing as much. The Court declines to issue a report and recommendation based on the papers that have been presented. *See, e.g.*, *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000) (the parties' failure to properly brief the appropriate standards does "not relieve the district court of the duty to apply the correct legal standard").

---

[1] The Commissioner disagrees with the Ninth Circuit case law adopting this standard, but asserts that her disagreement on that front is immaterial in this case because "the ALJ's reasons suffice under any standard," including the heightened "clear and convincing" standard. *Id.*

[2] The Commissioner relies on a case applying the "clear and convincing" standard in the context of analyzing the claimant's credibility. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

Instead, the parties shall file supplemental briefs by May 1, 2017. Those supplemental briefs shall meaningfully explain whether each party believes the "clear and convincing" or "specific and legitimate" standard applies to this dispute. To the extent the Commissioner wishes to argue alternatively that it is unnecessary to determine the applicable standard because the "clear and convincing" standard can be met, then her supplement needs to analyze the record through the lens of that standard and be supported with legal authority applying that standard.

IT IS SO ORDERED.

DATED: April 17, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge