UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGG ANTHONY HAWLEY, | |
| Plaintiff(s), | Case No. 2:16-cv-01049-RFB-NJK |
| vs. | ORDER |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant(s). | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 9. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket No. 10. Plaintiff filed a reply. Docket No. 11. The parties filed supplemental briefs. Docket No. 15, 16. The Court hereby **SETS** a hearing in this matter for 3:00 p.m. on June 1, 2017, in Courtroom 3A. The Court will hear argument on the motions generally, but counsel shall be prepared in particular to address the following.[1]

//

//

---

[1] To ensure counsel can properly prepare, the Court is providing more detail than typical in setting a hearing. Nonetheless, the Court herein expresses no opinion as to the ultimate resolution of the motions or as to any particular issue therein.

## I. OPINION OF DR. EDWARD TSAI

1. The Commissioner appears to be relying in part on reasons not articulated by the ALJ for discounting Dr. Tsai's opinion, such as Plaintiff's daily activities and the conservative nature of the treatment received. *Compare* Docket No. 10 at 8, 10 *with* A.R. 24, 26 (not expressly articulating either reason as the basis for ALJ's discounting of portions of Dr. Tsai's opinion). The parties shall be prepared to argue whether any such reason is pertinent to the Court's analysis. *Cf. Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (reviewing courts consider only those reasons articulated by the ALJ).

2. Plaintiff anticipates in the opening brief the argument that the ALJ properly discounted portions of Dr. Tsai's opinion as a conclusory form that is insufficiently explained and insufficiently supported by the medical record. Docket No. 9 at 17-18. The parties shall be prepared to argue whether the Commissioner waived the ability to rely on the conclusory nature of Dr. Tsai's opinion by not including in her opposition brief any discussion on this issue. *See, e.g.*, *Newdow v. Congress of the United States of America*, 435 F. Supp. 2d 1066, 1070 n.5 (E.D. Cal. 2006) (silence on an issue in an opposition brief can be construed as acquiescence on that issue).

3. Assuming such an argument has not been waived, the parties shall be prepared to argue whether the ALJ properly discounted portions of Dr. Tsai's opinion as conclusory.

4. Assuming such an argument has not been waived, the parties shall be prepared to argue whether there is a basis in law for Plaintiff's contention that the ALJ erred by giving significant weight to part of Dr. Tsai's opinion but discounting other parts. *Cf. Magallanes v. Bowen*, 881 F.2d 747, 753-54 (9th Cir. 1989) (affirming ALJ's adoption of part of a physician's opinion).

## II. LISTING 5.06B

1. Dr. Tsai may have opined in the check-box questionaire that the requirements had been met for Listing 5.06B by noting "5.06 B 3+4." A.R. 431. The parties shall be prepared to argue whether the ALJ properly rejected any such finding as a conclusory opinion

|   |   |   |
|---|---|---|
| | | offered without sufficient explanation or support in the medical record, as discussed above. |
| | 2. | While Dr. Tsai included the notation regarding Listing 5.06B in his questionaire completed on September 6, 2013, A.R. 431-34, there is no similar notation on his later questionaire completed on October 13, 2014, A.R. 463-66. The parties shall be prepared to argue whether such an omission impacts the Court's analysis. |
| | 3. | Plaintiff admits that his "physical exams did not appear to note a 'tender mass palpable on physical examination,' as required by Listing 5.06B(3)." Docket No. 9 at 20.[2] The parties shall be prepared to argue whether such an absence itself renders Listing 5.06B(3) unmet since it requires that this condition be "clinically documented." |
| | 4. | Plaintiff argues that Dr. Tsai "interpret[ed]" Plaintiff's abdominal pain and diarrhea as meaning that an abdominal mass exists. Docket No. 9 at 21. The parties shall be prepared to argue whether such interpretation would be sufficient to meet Listing 5.06B(3) since it requires a mass that is capable of being discerned by touch. *Compare* Listing 5.06B(3) *with* Merriam-Webster Dictionary (defining "palpable" a "capable of being touched or felt"). |
| | 5. | The parties shall be prepared to argue whether Plaintiff has waived the ability to raise any argument regarding Listing 5.06B(5) by addressing it for the first time in reply. *Cf. Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996). |
| | 6. | Assuming such an argument has not been waived, the parties shall be prepared to argue whether the ALJ erred in finding no unintentional weight loss sufficient to meet Listing 5.06(B)(5). *Cf. Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (ALJs are responsible for resolving ambiguities). |

---

[2] Neither party acknowledges the medical record that appears to affirmatively negate the existence of any palpable abdominal mass. *See* A.R. 385 ("no masses palpable" in abdomen); A.R. 470 ("no masses palpable" in abdomen); A.R. 473 ("no masses palpable" in abdomen); A.R. 476 ("no masses palpable" in abdomen); A.R. 479 ("no masses palpable" in abdomen).

7. Plaintiff references the ability to meet a listing through medical equivalence, *e.g.*, Docket No. 9 at 19, but the parties fail to meaningfully explain whether the medical findings in this case establish medical equivalence to the listing. The parties shall be prepared to argue whether it does.

## III. RFC DETERMINATION

1. The parties appear to conflate the record as it relates to bathroom usage over the course of an eight-hour workday and bathroom usage over the course of an entire day. The parties shall be prepared to argue whether the record of Plaintiff's bathroom use over the course of a day, *e.g.*, A.R. 52 (Plaintiff testifying that he uses the bathroom on average seven times "in a day" for ten minutes on average), A.R. 458 ("pt still going to restroom 4-10 times per day"), constitutes substantial evidence supporting the ALJ's determination that Plaintiff would use the restroom 10% of his workday (*i.e.*, 48 minutes each eight-hour workday).

IT IS SO ORDERED.

DATED: May 19, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge