**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GREGG ANTHONY HAWLEY, ) | |
| ) | |
| Plaintiff(s), ) | Case No. 2:16-cv-01049-RFB-NJK |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| NANCY A. BERRYHILL, ACTING ) COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 9. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket No. 10. Plaintiff filed a reply. Docket No. 11. The parties filed supplemental briefs. Docket No. 15, 16. This action was referred to the undersigned magistrate judge for a report of findings and recommendation. The undersigned held a hearing on the motions on June 1, 2017. Docket No. 21.

**I. STANDARDS**

A. Judicial Standard of Review

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a

review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *See, e.g., Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See, e.g., Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B. Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement, 20 C.F.R. § 404.1509, then a finding of disabled is made, 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; SSRs 96-4p, 96-7p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and perform at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made.

If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II. BACKGROUND

### A. Procedural History

On March 11, 2013, Plaintiff filed an application for disability insurance benefits alleging a disability onset date of June 1, 2012. Administrative Record ("A.R.") 157-63. Plaintiff's claims were denied initially on July 1, 2013, and upon reconsideration on October 24, 2013. A.R. 95-99, 101-06. On November 5, 2013, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 107-08. On November 13, 2014, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Cynthia R. Hoover. A.R. 34-61. On December 16, 2014, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability from June 1, 2012, through the date of the decision. A.R. 14-33. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on April 13, 2016. A.R. 1-6. On May 10, 2016, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Docket No. 1.

### B. The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520, and issued an unfavorable decision on December 16, 2014. A.R. 14-33. At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017, and had not engaged in substantial gainful activity since June 1, 2012. A.R. 19. At step two, the ALJ found

1  that Plaintiff had the following severe impairments: inflammatory bowel disease and obesity. A.R. 19-21. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 21-22. The ALJ found that Plaintiff had the residual functional capacity to

> Perform sedentary work as defined in 20 CFR 404.1567(a) except he could lift 10 pounds occasionally and 5 pounds frequently, he could stand for 4 hours in an 8-hour workday, could sit for 6 hours in an 8-hour workday, and could occasionally stoop, crouch, climb ladders/stairs, and be off task for 10% of the work day due to restroom visits necessitated by Crohn's disease.

A.R. 22-26. At step four, the ALJ found that Plaintiff was unable to perform past relevant work. A.R. 26-27. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and residual functional capacity. A.R. 27-28. In doing so, the ALJ defined Plaintiff as a younger individual aged 18-44 at the time of the alleged disability onset date, who subsequently changed to the category of younger individual aged 45-49, with at least a high school education and able to communicate in English. A.R. 27. The ALJ found the transferability of job skills immaterial. A.R. 27. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a document preparer, sticker, and election clerk. A.R. 27-28.

Based on all of these findings, the ALJ found Plaintiff not disabled and denied the applications for a period of disability and disability insurance benefits. *See* A.R. 28.

### III. ANALYSIS AND FINDINGS

On appeal, Plaintiff makes three arguments. First, Plaintiff argues that the ALJ improperly rejected portions of the opinion of his treating physician, Dr. Edward Tsai. Second, Plaintiff argues that the ALJ erred in finding Plaintiff's irritable bowel disease did not meet or equal Listing 5.06B. Third, Plaintiff argues that the RFC formulated by the ALJ is not supported by substantial evidence. The Court will address each of these arguments in turn below.

#### A. Treatment of Dr. Tsai's Opinions

Plaintiff argues that the ALJ improperly rejected part of the opinion of his treating physician, Dr. Tsai. *See* Docket No. 9 at 14-19; Docket No. 11 at 7-9. The Commissioner counters that the ALJ

properly discounted those aspects of Dr. Tsai's opinion. Docket No. 10 at 7-11. A treating physician's medical opinion as to the nature and severity of an individual's impairment is entitled to controlling weight when that opinion is well-supported and not inconsistent with other substantial evidence in the record. *See, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). Even when not controlling, such opinions are entitled to deference and must be weighed properly pursuant to applicable regulations. *See, e.g.*, *id.* Nonetheless, the opinion of a treating physician is not necessarily conclusive as to the existence of an impairment or the ultimate issue of a claimant's disability. *See, e.g.*, *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). If a treating doctor's opinion is contradicted by another doctor, the ALJ may only reject the treating doctor's opinion by providing "specific and legitimate reasons" supported by substantial evidence in the record. *See, e.g.*, *Lester v. Chater* 81 F.3d 821, 830 (9th Cir. 1995). Moreover, "the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957.

In this case, Dr. Tsai completed two check-box forms, Medical Source Statements, on which he opined as to Plaintiff's limitations. A.R. 431-34, 463-66. The ALJ found that some of Dr. Tsai's limitations were supported by the record, and gave significant weight to those aspects of the Medical Source Statements. A.R. 24. With respect to several other limitations, however, the ALJ discounted Dr. Tsai's opinions most fundamentally because he failed to provide any explanation as to why he reached his conclusions or identify the medical evidence that supported them. A.R. 24.[2] The ALJ further found that the discounted portions of Dr. Tsai's opinions were not supported by the objective medical evidence. A.R. 26.

The crux of this dispute is whether the ALJ's reasoning here is aligned with Ninth Circuit precedent affirming an ALJ's rejection of a conclusory Medical Source Statement. In particular, the Ninth Circuit has held that an ALJ did not err in rejecting a treating physician's opinion when he

---

[2] In addition, the ALJ found the Medical Source Statements to be internally inconsistent in that they opined that Plaintiff was capable of performing high stress jobs but also that he would need to miss four days of work per month. A.R. 24. The ALJ also discounted Dr. Tsai's diagnosis of depression given that he is neither a psychologist or psychiatrist. *Id.*

7

"provided nothing more than a statement of his unsupported opinion." *Burkhart v. Bowen*, 856 F.2d 1335, 1339 (9th Cir. 1988). In that case, "[t]here was no description–either objective or subjective–of medical findings, personal observations, or test reports upon which [the physician] could have arrived at his conclusion." *Id.* The ALJ here similarly discounted aspects of Dr. Tsai's Medical Source Statements because those statements failed to identify any findings or explanation in support of his conclusions, A.R. 24, and were not supported by the medical record, A.R. 26. The Commissioner argues that the ALJ did not err in discounting portions of Dr. Tsai's opinion on this basis. *See* Hearing Rec. (6/1/2017) at 3:21 p.m.[3]

The Commissioner has the better argument. Dr. Tsai's Medical Source Statements fit squarely within *Burkhart*. They are conclusory forms that opine on various limitations without any explanation or identification of the basis for the conclusions. Indeed, Dr. Tsai left blank the portion of the Medical Source Statements in which he was supposed to "[i]dentify the clinical findings and objective signs" that support his conclusions. A.R. 431, 463.

Moreover, the Court finds Plaintiff's attempts to distinguish *Burkhart* unpersuasive. First, Plaintiff argues that *Burkhart* cannot apply in this case because the ALJ adopted some of the limitations opined by Dr. Tsai. Docket No. 9 at 17-18. This argument conflicts with Ninth Circuit case law making clear that an ALJ is generally not required to adopt a physician's opinion in its entirety and can properly reject portions of it, *see Magallanes v. Bowen*, 881 F.2d 747, 753-54 (9th Cir. 1989), as well as this Court's own precedent in applying *Burkhart* specifically, *see Jones v. Colvin*, 2015 WL 7820873, at *4 (D. Nev. Sept. 24, 2015) (Koppe, J.) (finding ALJ properly discounted as conclusory aspects of Medical Source Statement, despite recognizing that the ALJ gave "significant weight" to other aspects of the

---

[3] The Court has discretion to consider the Commissioner's position waived with respect to the conclusory nature of Dr. Tsai's opinion, as that issue was not addressed in any meaningful fashion in the responsive brief. *See, e.g.*, *Newdow v. Congress of the United States of America*, 435 F. Supp. 2d 1066, 1070 n.5 (E.D. Cal. 2006) (silence on an issue in an opposition brief can be construed as acquiescence on that issue). Nonetheless, Plaintiff had a full opportunity to present his own arguments on this issue. *See, e.g.*, Docket No. 9 at 17-18. Given the circumstances of this case, the undersigned will exercise the discretion to consider the argument on the merits. *Cf. El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003) (courts have discretion to consider arguments raised for the first time in reply if an opportunity is provided to respond).

opinion), *adopted*, 2015 WL 7783529 (D. Nev. Dec. 2, 2015) (Boulware, J.). Second, Plaintiff argues that the ALJ gave insufficient reasons for finding Dr. Tsai's opinion unsupported by clinical findings in the medical record. Docket No. 9 at 18. This argument is also unpersuasive. The ALJ found these aspects of Dr. Tsai's opinions to be unsupported by the record, A.R. 24, 26, which, coupled with the ALJ's adoption of contrary opinions of other doctors, is sufficient to discount these aspects of Dr. Tsai's opinions. *See Jones*, 2015 WL 7820873, at *4; *see also Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) ("When there is conflicting medical evidence, the [ALJ] must . . . resolve the conflict").

In short, Plaintiff has failed to persuade the undersigned that the ALJ erred in discounting certain findings made by Dr. Tsai as conclusory opinions.

B.   Listing 5.06B

Plaintiff next contends that the ALJ erred by not finding Plaintiff disabled at step three of the sequential analysis. Docket No. 9 at 19-21. At step three of her analysis, the ALJ must determine whether a claimant's impairment meets or equals an impairment listed in the "Listing of Impairments." The Listings describe specific impairments of each major body system that are considered severe enough to prevent a person from doing any gainful activity, regardless of his or her age, education, or work experience. *See, e.g.*, *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990). Most of these impairments are "permanent or expected to result in death." 20 C.F.R. § 404.1525(c)(4). If a claimant satisfies the requirements for a listing, a finding of disability will be made at this step without further inquiry. *See, e.g.*, *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The burden of proof is on the claimant to establish he or she meets or equals any of the impairments in the Listings. *See id.* at 1098. Each listing describes the "symptoms, signs, and laboratory findings" the claimant must establish for his impairments to meet the listing. *Id.* at 1099.

In this case, the parties dispute whether the ALJ erred in finding Plaintiff did not meet Listing 5.06B, under which a claimant must show two of the following, despite continuing treatment as prescribed, occurring within the same consecutive six-month period:

> 1. Anemia with hemoglobin of less than 10.0 g/dL, present on at least two evaluations at least 60 days apart; or
>
> 2. Serum albumin of 3.0 g/dL or less, present on at least two evaluations at least 60 days apart; or

        3. Clinically documented tender abdominal mass palpable on physical examination with abdominal pain or cramping that is not completely controlled by prescribed narcotic medication, present on at least two evaluations at least 60 days apart; or

        4. Perineal disease with a draining abscess or fistula, with pain that is not completely controlled by prescribed narcotic medication, present on at least two evaluations at least 60 days apart; or

        5. Involuntary weight loss of at least 10 percent from baseline, as computed in pounds, kilograms, or BMI, present on at least two evaluations at least 60 days apart; or

        6. Need for supplemental daily enteral nutrition via a gastrostomy or daily parenteral nutrition via a central venous catheter.

*Henry v. Astrue*, 32 F. Supp. 3d 170, 183-84 (N.D.N.Y. 2012).

     The ALJ found that none of these requirements had been met in this case. A.R. 21-22. Plaintiff argues that the ALJ erred in not agreeing with Dr. Tsai's initial notation that Plaintiff meets subparts (3) and (4) as listed above. Docket No. 9 at 19-20.[4] In particular, Plaintiff argues that the medical record showed that he had a draining fistula and that he complained of abdominal pain. *Id.* At the same time, however, Plaintiff admits that his "physical exams did not appear to note a 'tender mass palpable on physical examination,' as required by listing 5.06B(3)." *Id.* at 20. In reply, Plaintiff additionally argues that the record could support a finding that he was subject to involuntary weight loss as required by listing 5.06B(5). *See* Docket No. 11 at 2-6. The Commissioner argues that there is no evidence to support the existence of two of the listed requirements. Docket No. 10 at 12-13. The Commissioner has the better argument.

     As noted above, a claimant establishes a disability pursuant to Listing 5.06B if at least <u>two</u> of the subsections are satisfied. Even assuming that Plaintiff met the requirements of subsection (4) with respect to a draining fistula, Plaintiff has not shown that the ALJ erred in finding that none of the other subsections was satisfied. As noted above, Listing 5.06B(3) is satisfied by the existence of a clinically documented tender abdominal mass palpable on physical examination. Plaintiff admits on appeal that the underlying medical record did not include any such finding. Docket No. 9 at 20. Indeed, the medical record affirmatively negates the existence of any palpable abdominal mass. *See*, *e.g.*, A.R. 473 ("no

---

    [4] While Dr. Tsai referenced Listing 5.06B in his Medical Source Statement completed on September 6, 2013, A.R. 431-34, he did not include a similar notation on the Medical Source Statement completed on October 13, 2014, A.R. 463-66.

masses palpable" in abdomen). This alone dooms Plaintiff's position, as Listing 5.06B(3) requires such a condition to be "clinically documented."[5] Nonetheless, Plaintiff points to notations by Dr. Tsai of abdominal pain and diarrhea. *Id.* Listing 5.06B(3) is not satisfied by abdominal pain and diarrhea, however, leaving Plaintiff to argue that Dr. Tsai must have "interpret[ed]" the pain and diarrhea as meaning that an abdominal mass exists sufficient to satisfy the listing. Docket No. 9 at 21. This makes no sense. By definition, there is no need to infer the existence of a palpable mass. *See, e.g.*, Merriam-Webster Dictionary (defining "palpable" as "capable of being touched or felt"). Lastly, to the extent Dr. Tsai was making (and could properly make for purposes of Listing 5.06B(3)) an implicit finding of a tender mass palpable on physical examination in his check-box questionnaire by referencing Listing 5.06B(3), *see* A.R. 431, Docket No. 9 at 20-21, Plaintiff's own admission that there is no medical record of that condition establishes sufficient reason for the ALJ to reject the conclusory assertion made by Dr. Tsai, *see* Section III.A; *Burkhart*, 856 F.2d at 1339; A.R. 24, 26 (rejecting unincorporated findings of Dr. Tsai as conclusory, unexplained, and unsupported by the record). In short, the ALJ did not err in finding Listing 5.06B(3) unsatisfied.

The undersigned is also unpersuaded by Plaintiff's attempt in reply to show that the ALJ erred with respect to finding no involuntary weight loss satisfying Listing 5.06B(5). Docket No. 11 at 3-6.[6] Plaintiff argues that there is evidence in the record showing a weight loss without specifying whether it was voluntary or involuntary. Docket No. 11 at 4. Plaintiff also acknowledges that the record is clear that he was at times purposefully trying to lose weight. *Id.* at 5; *see also* A.R. 533, 534 (instructing Plaintiff to go on a 1500 calorie diet); A.R. 533 (referring Plaintiff for second opinion on gastric sleeve). Hence, Plaintiff is essentially arguing that the ALJ erred by not resolving the ambiguity as to the other

---

[5] Plaintiff failed to put forward any persuasive argument that the fleeting reference to Listing 5.06B(3) in Dr. Tsai's conclusory Medical Source Statement qualifies as clinical documentation.

[6] The Court has the discretion to consider this argument waived, as it was raised for the first time in reply. *See, e.g.*, *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996). Nonetheless, the Commissioner had a full opportunity to present her own arguments on this issue. *See, e.g.*, Docket No. 18 (setting hearing and instructing counsel to be prepared to argue this issue); Hearing Rec. (6/1/2017) at 3:31 p.m. Given the circumstances of this case, the undersigned will exercise the discretion to consider the argument on the merits. *El Pollo Loco*, 316 F.3d at 1040-41.

1 periods of weight loss in his favor, finding instead that there was no involuntary weight loss as described in listing 5.06B(5). A.R. 21-22. As noted above, it is for the ALJ to resolve ambiguities in the record and to make reasonable inferences. While Plaintiff would have preferred the ALJ to interpret the record as showing involuntary weight loss, Plaintiff has failed to show that the ALJ was required to do so. It was not error for the ALJ to determine that listing 5.06B(5) was unsatisfied.[7]

For these reasons, the undersigned concludes that the ALJ did not err at step three of the evaluation in finding Plaintiff did not meet Listing 5.06B.

C.  RFC Determination

Plaintiff argues that the ALJ erred in her formulation of the RFC. *See, e.g.*, Docket No. 9 at 21-24. The RFC is an assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. Reviewing courts will affirm an ALJ's RFC assessment if it is supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Plaintiff argues that the RFC formulated by the ALJ lacks substantial evidence with respect to the amount of time Plaintiff would be off-task. In particular, Plaintiff argues that the ALJ's provision that Plaintiff would be off-task 10% of the work day for the restroom was too little an amount, and that the ALJ failed to also include off-task time for lapses in concentration and attention. *See, e.g.*, Docket No. 9 at 21-24. The Commissioner counters that this RFC determination is supported by substantial evidence. Docket No. 10 at 14-15. The Commissioner has the better argument.

With respect to Plaintiff's bathroom usage, Plaintiff argues that there is no medical expert testimony by Dr. Tsai that he would use the restroom 10% of his workday (*i.e.*, 48 minutes each eight-

---

[7] Plaintiff made passing reference to establishing Listing 5.06B through medical equivalence. *See, e.g.*, Docket No. 9 at 19. To establish medical equivalence, the Plaintiff "must present medical findings equal in severity to all the criteria for the one most similar listed impairment." *Sullivan*, 493 U.S. at 531. The ALJ found that Plaintiff's impairments did not medically equal the severity of Listing 5.06(B), *see* A.R. 21, and Plaintiff has failed to persuade the undersigned that the ALJ erred in this respect.

12

hour workday). Docket No. 15 at 13. But Plaintiff himself testified that he sometimes uses the bathroom three or four times in an entire day, and that he uses the bathroom on average seven times a day. A.R. 52; *see also* A.R. 458 ("pt still going to restroom 4-10 times per day"). He further estimated that each bathroom break would be ten minutes long. *Id.* In sum, Plaintiff himself testified that he would use the restroom for 70 minutes an average for an <u>entire day</u>. Given that Plaintiff's own testimony regarding his bathroom usage in an entire day, substantial evidence supports the ALJ's RFC formulation that Plaintiff would use the restroom for 48 minutes per eight-hour workday.

With respect to the RFC not including time off task due to lapses in concentration and attention, the ALJ found that Plaintiff did not suffer mental conditions that would cause more than minimal limitations in his ability to perform mental work activities and, therefore, that any such mental impairment was non-severe. A.R. 20. The ALJ expressly concluded that Plaintiff had no limitations with respect to concentration, persistence or pace, in that there was no indication of any problems in the medical record, and that Plaintiff was able to focus and answer all relevant questions during the hearing. *Id.* The underlying medical record further shows that Plaintiff was alert, with intact memory, and showed good judgment. *See, e.g.*, A.R. 531. The Court finds that substantial evidence supported this aspect of the RFC.

For these reasons, the undersigned concludes that the ALJ did not err in formulating the RFC.

## IV. CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 9) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 10) be **GRANTED**.

IT IS SO ORDERED.

DATED: June 23, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).